## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Tina Marie Peal

    v.

Irvin Watts et al.

July 21, 1988

Case No. (Law) CL87-907

By JUDGE AUSTIN E. OWEN

This matter was before the Court on June 17, 1988, upon the demurrer of the defendant, Safeway Stores, Inc., to the Amended Motion for Judgment. The principal argument related to the issue of whether the Virginia Workmen's Compensation Act constitutes plaintiff's exclusive remedy under the facts pleaded.

At the conclusion of oral argument, the Court granted leave to plaintiff to file a memorandum of law by July 5, 1988, with defendant to file a rebuttal within one week thereafter.

Plaintiff timely delivered its memorandum to the Court with a certificate of mailing to defendant on July 5, 1988, affixed. Defendant mailed its response with letter of July 18, 1988, which was received and filed on July 20, 1988.

Despite defendant's late filing, both memoranda have been carefully considered together with the authorities previously filed and the oral argument.

Plaintiff's central argument is to the effect that if her exclusive remedy is under the Workmen's Compensation Act, then she is entitled to no *recovery* because she has no medical expense and no loss of wages attributable to the "accident" complained of. She contends that the legislature could not have intended such a result, and, there-

fore, her right to a common law action survives. Carried to its logical conclusion, under plaintiff's contention, an injured employee who fails, without reasonable excuse, to give written notice within thirty days after the accident would be able to bring a common law action against his or her employer because he or she is not then entitled to any compensation under the Act. (*See* Code Section 65.1-85). Similar reference can be made to other provisions of the Workmen's Compensation Act.

The Act does not guarantee a *recovery* for every "accident" covered by its provisions but does provide an exclusive remedy.

The Court finds, for the reasons assigned in defendant's memoranda filed herein, that plaintiff's exclusive remedy is under the Act; this Court is without jurisdiction; and the demurrer must be sustained.